```
                UNITED STATES DISTRICT COURT

              SOUTHERN DISTRICT OF CALIFORNIA


eDIGITAL CORPORATION,        )  Case No. 15CV0135-H(BGS)
                             )
         Plaintiff,          )  San Diego, California
                             )
vs.                          )  Wednesday,
                             )  June 24, 2015
LENOVO (UNITED STATES), INC.,)  10:00 a.m.
                             )
         Defendant.          )
_____)
eDIGITAL CORPORATION,        )  Case No. 15CV0141-H(BGS)
                             )
         Plaintiff,          )
                             )
vs.                          )
                             )
SPANSION, INC., et al.,      )
                             )
         Defendants.         )
_____)
eDIGITAL CORPORATION,        )  Case No. 15CV0144-H(BGS)
                             )
         Plaintiff,          )
                             )
vs.                          )
                             )
ACER AMERICA CORPORATION,    )
                             )
         Defendant.          )
_____)
eDIGITAL CORPORATION,        )  Case No. 15CV0314-H(BGS)
                             )
         Plaintiff,          )
                             )
vs.                          )
                             )
SMART MODULAR TECHNOLOGIES,  )
INC.                         )
                             )
         Defendant.          )
_____)
```

*Echo Reporting, Inc.*

ii

```
 1            TRANSCRIPT OF CASE MANAGEMENT CONFERENCE/
                      EARLY NEUTRAL EVALUATION
 2             BEFORE THE HONORABLE BERNARD G. SKOMAL
                    UNITED STATES MAGISTRATE JUDGE
 3
   APPEARANCES:
 4
   For the Plaintiff:              ANTON N. HANDAL, ESQ.
 5                                 GABRIEL G. HEDRICK, ESQ.
                                   Handal & Associates
 6                                 750 B Street, Suite 2510
                                   San Diego, California 92101
 7                                 (619) 544-6400

 8 For Lenovo (UNITED STATES)      AMR O. ALY, ESQ.
     Inc.:                         Mayer Brown
 9                                 1221 Avenue of the Americas
                                   New York, New York 10020
10                                 (212) 506-2500

11 For ACER America                KEN FUNG, ESQ.
     Corporation:                  TechKnowledge Law Group, LLP
12                                 100 Marine Parkway, Suite 200
                                   Redwood Shores, California
13                                    94065
                                   (650) 517-5200
14
   For SMART Modular               MICHAEL FRANCIS HEAFEY, ESQ.
15   Technologies, Inc.:           King & Spalding, LLP
                                   601 South California Avenue
16                                 Palo Alto, California 94304
                                   (650) 422-6719
17
   For Spansion:                   DAVID M. HOFFMAN, ESQ.
18                                 Fish & Richardson
                                   111 Congress Avenue
19                                 Suite 810
                                   Austin, Texas 78701
20                                 (512) 472-5070

21 Transcript Ordered by:          HONORABLE BERNARD G. SKOMAL

22


23


24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.
```

```
                                                              iii
1  Transcriber:              Shonna D. Mowrer
                             Echo Reporting, Inc.
2                            4455 Morena Boulevard
                             Suite 104
3                            San Diego, CA 92117
                             (858) 453-7590
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    1
 1    SAN DIEGO, CALIFORNIA  WEDNESDAY, JUNE 24, 2015  10:00 AM
 2                            --oOo--
 3       (Call to order of the Court.)
 4           THE CLERK:  Calling Case Number 15CV135.  This is
 5  the lead case in a consolidated action, eDigital Corp versus
 6  Lenovo.  Counsel, will you please state your appearances for
 7  the record, starting with Plaintiff's counsel.
 8           MR. HEDRICK:  Good morning, your Honor.  Gabriel
 9  Hedrick and Anton Handal of Handal & Associates on behalf the
10  Plaintiff, eDigital Corporation.
11           THE COURT:  All right.  Thank you both.
12           MR. ALY:  Good morning, your Honor.  Amr Aly of
13  Mayer Brown on behalf of Lenovo.
14           THE COURT:  Thank you, Mr. Aly.
15           MR. HOFFMAN:  Good morning.  David Hoffman, Fish
16  Richardson on behalf of Spansion.
17           THE COURT:  Thank you, Mr. Hoffman.
18           MR. FUNG:  Good morning.  Ken Fung from
19  TechKnowledge Law Group for ACER.
20           THE COURT:  Mr. Fung.
21           MR. HEAFEY:  Good morning.  Michael Heafey of King
22  and Spalding on behalf of SMART Modular Technologies
23  Corporation.
24           THE COURT:  All right.  Thank you, Mr. Heafey.
25           Thanks so much for coming, everyone, to this case
```

1 management conference, I guess et al. because I think Judge
2 Huff already did the scheduling order.  And we're here to
3 resolve any issues regarding the joint discovery plan, so
4 we'll get the ball rolling.
5         Marti Worms, my judicial clerk and architect of
6 everything that has to do with all the numerous cases we've
7 dealt with for eDigital, as Mr. Handal knows.
8         MR. HANDAL:  Yes, your Honor.
9         THE COURT:  Is it Ms. Chalk that got the pass today
10 or --
11        UNIDENTIFIED SPEAKER:  She got the patent.  She got
12 the short straw.
13        THE COURT:  You got the short straw.  Well,
14 actually, he probably won't get the short straw.  I think one
15 of Defense counsel will in terms of -- if you look at our
16 tentative order that Marti put together on page two, we do
17 need a lead counsel to direct the group in terms of discovery
18 disputes.
19        And Marti, we did -- did we give them a copy of the
20 tentative?
21        MS. WORMS:  Yes.  Yes, your Honor, I did.
22        THE COURT:  So everyone has a copy of the
23 tentative.  Why don't you read through it.  We've tried to
24 address all the issues.  We do have a couple of issues we
25 wanted to bring up for your consideration, but first let's

deal with any issues you might have with the tentative order as regards what you put in your discovery plan. Did we miss an issue? Did you want to raise an additional issue that wasn't raised in the joint plan? We can address that. Counsel.

MR. HEDRICK: Good morning, your Honor. The -- we are fine with submitting on the tentative. It seems consistent with the Court's previous orders in the prior three consolidated cases. So we don't have any objections.

THE COURT: Okay. And then did Defense counsel have an opportunity to go through that or are you still going through it? I can give you a few minutes.

MR. HOFFMAN: Your Honor, David Hoffman speaking for the Defendants. We appear to all be fine with the tentative ruling.

THE COURT: Okay. Marti?

MS. WORMS: So maybe, Judge, we could just explain on page two. So because there are multi-party Defendants in this case, what we'd like to do when discovery disputes arise is just to have one of you gentlemen come into court. So that's what we plan to do.

In your proposed order, you each listed who would be your lead counsel in your case. And we understand that. But just for purposes of discovery, we'd like to have a discovery liaison, one of you gentlemen or one of your

4

1 associates who would kind of spearhead the discovery process.
2          If it turns out that the discovery issue which
3 arises is not common to all Defendants, then we can take it
4 to just Plaintiff's counsel and whoever the Defense counsels
5 that have the discovery issue.
6          But first, if a discovery issue arises, we want all
7 of the Defendants to discuss among themselves if something is
8 common or similar amongst all other cases, and then one
9 discovery liaison will follow Judge Skomal's rules and
10 contact the Court, contact me and begin the process of
11 hammering out the dispute and getting assistance from his
12 Honor.
13          So that's why we're asking for one name at a time.
14 If you cannot agree on who would like to kind of take that
15 role, what we've done in the past is just pull names out of a
16 hat, and we'll put it in this order or minute order following
17 the conference.
18          THE COURT:  Thank you, Mr. Hoffman.  All papers
19 submitted.
20          MR. FUNG:  I guess it will be me.
21          MS. WORMS:  Okay.  And what is your name again?
22          MR. FUNG:  Ken Fung.
23          MS. WORMS:  Okay.  Thank you.
24          THE COURT:  I really appreciate it.  And if it's
25 any consolation -- well, it was actually -- the first case

was quite a few consolidated cases, and it tended to settle that case quicker because there were so many people to contact.

All right. So thank you, Mr. Fung. You're good to go. And I appreciate it. So that's issue one.

And should I raise the other issue at this time, Marti?

MS. WORMS: Yeah. I think that it would just be good so that we're all clear.

THE COURT: Right. On the other cases that we've had -- and this is, I think, our third or fourth. One we had to recuse on, but we actually did the discovery order.

There was a lot of issues about not only expert witnesses, which you folks have resolved, but the 30(b)(6) fact witnesses and inventors and their depositions. And your discovery plan basically says, hey, we want to just go with the Federal Rules, absent any other issue we raise. And we went through the interrogatories, request for admissions. We tried to give everybody what they wanted.

But we really didn't address depositions and amount of hours involved. And so the way it reads right now is, we just go to Rule 30, and it would be 10 per side, right? That's what Rule 30 requires. And I know that's not what we -- the parties hammered out in the other orders.

I mean, we went through and kind of categorized it.

6

1 And eDigital is aware of that because we've done it in terms
2 of third-party witnesses, 30(b)(6) witnesses and inventors.
3 So there isn't duplicative, cumulative depositions, and
4 there's also enough -- because it's a multi-party case,
5 enough room that everybody has an adequate amount of hours to
6 do the necessary depositions.
7          So I'm just throwing it out there.  Is that
8 something that counsel considered, but is good with the Rule,
9 Rule 30 as it stands, or is that something that counsel kind
10 of overlooked and maybe want to go back over on a meet and
11 confer and try to hammer out what's good for both parties?
12          Did you bring it up, Mr. Handal?  I'm sorry.  Mr.
13 Hedrick?
14          MR. HEDRICK:  Good morning, your Honor.  For
15 eDigital, this is not as big of an issue, considering that
16 the company only has a small number of employees, and there
17 are only two inventors involved in this case.
18          So a limit on depositions is not going to affect
19 us, I think, as much as it may affect Defendants.  So for us,
20 we're fine with the Rule as is.  If the Defendants want to
21 propose something that -- there was nothing proposed in the
22 joint discovery plan, but we're willing to go along with what
23 the Court has entered in previous cases.
24          THE COURT:  But those cases were kind of confined
25 to the specific needs of the consolidated group.  And it also

*Echo Reporting, Inc.*

7

1  was kind of contingent on how many people were involved.  I
2  mean, we had 13, I think, in <u>Warman</u>.
3          MS. WORMS:  Yeah.
4          THE COURT:  And five in another, and here we're
5  down to -- is it three or four?
6          UNIDENTIFIED SPEAKER:  Four.
7          THE COURT:  So I mean, I'm fine with it if you're
8  fine with it.  So since Mr. Fung, you're the spokesperson.
9  Or is it Mr. Hoffman who can interpret?  I mean, is everybody
10 fine with this Rule 30?  And if it becomes an issue, address
11 it down the road or --
12         MR. FUNG:  Sorry, your Honor.  Your Honor, may we
13 have a moment?
14         THE COURT:  Yeah, sure.  Take your time and
15 roundtable it.
16         MS. WORMS:  I mean, it would be Federal Rule 30(a).
17 I have it.
18         THE COURT:  I gave -- I brought your research over.
19      (Court conferring with Ms. Worms.)
20         MR. FUNG:  Your Honor, we're okay with the Rule.
21         THE COURT:  Okay.  Great.
22         So we'll leave the discovery tentative order as is.
23 And if there's any issues regarding depositions, we'll just
24 consider that a discovery dispute and go from there, Marti?
25         MS. WORMS:  I would say please, if you haven't

already done so, consult Judge Skomal's chambers rules so that you're aware of how he kind of set the clock ticking on discovery motions and discovery issues.  The Judge does like you to bring these things to his attention after you've met and conferred so that these things don't get stale, disputes don't get stale.

And so those are available on the Court's website, and that's why I say it's the most important thing.  And your Honor's ruling will go out tonight.

THE COURT:  All right.  Anything anyone wants to bring to my attention that we haven't discussed for Plaintiff?

MR. HANDAL:  I want to commend you on your staff.  Marti has done a great job in this case, as we had protracted issues in other matters, and she marshaled us and walked us through it.  Although I've taken weeks and perhaps months to do, so I just want to -- people don't pass out good words.  Every now and then, I just want you to know --

THE COURT:  Well, I appreciate that.  And that's why she's here today, because she is the architect of this rather onerous litigation, given the way the -- this district has consolidated all these cases.  And we're trying to work within the system so that all parties get a fair shake.  And Marti has done an incredible job at making me look good.

MR. HANDAL:  And resolving all of discovery

9

1 disputes, I might add.
2          UNIDENTIFIED SPEAKER:  Yes.
3          THE COURT:  All right.  Thank you, Mr. Handal.
4          And anything further from the Defense?
5          MR. FUNG:  Just one minute, your Honor.
6          THE COURT:  Sure.
7      (Pause.)
8          MR. FUNG:  Your Honor.
9          THE COURT:  Sure.
10         MR. FUNG:  Just one clarification on the privilege
11 issue.  So in the tentative order, we have Plaintiff is
12 required to write a privilege log listing the prefiling
13 privileged communications be filed, but only as to the
14 matters in the consolidated cases.
15         THE COURT:  Right.
16         MR. FUNG:  So our issue with that was that their
17 proposal was to not have to log between the Austick
18 (phonetic) case which was filed on 2/11/12 to --
19         THE COURT:  Is that a case in this district or the
20 Pomerado --
21         MR. FUNG:  It was in this district.  And their
22 proposal -- they proposed to not have to -- after that case
23 was -- after filing a complaint in that case up until the
24 filing of the complaints in our cases.  And so I just wanted
25 to make sure that they wouldn't be required to above

10

1 privileged communications during that time as well.
2          THE COURT:  When I read your plan, your proposal
3 kind of made absolutely no sense to me.  I think it's on page
4 eight, where you have this run-on sentence that starts on
5 line 22 and goes to page nine on line one.
6          And reading that, I -- it seemed to indicate to me,
7 hey, we want -- we want privilege logs for everything that
8 was said in any case that was consolidated.  That's kind of
9 like what I think you're saying.  And then when I looked at
10 that, I said, well, but our order is -- we have four
11 consolidated or five cases in this particular consolidated
12 action.  We're ordering a privilege log for this action.  We
13 have the same Plaintiff that was a plaintiff in numerous
14 other actions.
15          So to the extent that you make a request that
16 involves those other actions, they have to do a privilege
17 log.  I mean, the privilege log, there isn't any exceptions
18 to the rule in those other cases because we're not dealing
19 with those other cases.  We're dealing with your case.
20          MR. FUNG:  Correct.
21          THE COURT:  And so I think that's clear, that we're
22 not bound by rulings or -- my own ruling in those other cases
23 because that was similar to the ruling here.  So I don't
24 think you're prejudiced, and I know eDigital has an
25 obligation if the request transcends into those other cases.

```
 1          And I don't know what your requests are going to be
 2 and what discovery is mutually involved in these other cases.
 3 And I'm sure there might be some overlap.  And if there's
 4 some overlap, then whatever is overlapped and its privileged
 5 has to be in the privilege log.
 6          You agree with that, don't you, Counsel, Mr.
 7 Hedrick?
 8          MR. HEDRICK:  Your Honor, my only issue with that
 9 would be if they issued some broad separate requests to the
10 extent all communications related to eDigital versus
11 Disalnick (phonetic) or eDigital versus Apple or whatever the
12 case may have to be.
13          THE COURT:  That sounds like a discovery dispute.
14          MR. HEDRICK:  Right.  Right.  But that it would
15 take --
16          THE COURT:  It's overbroad.
17          MR. HEDRICK:  You have to file a response.  We may
18 still be obligated to file a privilege log after a -- or
19 assert a privilege log while those issues are hammered out.
20 But if it's something that we can discuss with the Court or
21 address with the Court before we have to go through that
22 burden of serving a privilege log, then that should be fine.
23          THE COURT:  Yeah.  And I think, Marti, that's what
24 we discussed at --
25          MS. WORMS:  Yeah.  We had spoken about the fact
```

1 that, you know, we can't really decide the proposal because
2 right now it's premature.  It's in a vacuum.  We don't know
3 what the request would be or will be.
4         Of course there's been no proffer as to the
5 relevance.  I mean, you say that it might be highly relevant,
6 but we need to see more about the similarity of issues.  So
7 really, this is too early to put those kind of parameters on
8 it, and I would just say that -- exactly what your Honor
9 said.  It sounds like a discovery dispute that we would need
10 to call and hammer it out, once the facts are there.
11         THE COURT:  Right.  To the extent that Defense
12 counsel makes a request that is seemingly wanting everything
13 under the -- under the universe, and given the new amendments
14 to the Federal Rules to look at it proportionally and to keep
15 it within relevance standards, which is what I do because
16 that's what I did as a trial lawyer, if you make an overbroad
17 request that's going to require a burdensome privilege log,
18 then I'm inviting either party -- given if you make that
19 request to Defense counsel -- to contact us and to deal with
20 it so that you're not doing a huge privilege log on things
21 that might not even be relevant.
22         So just note to self that this is on the record,
23 and that's what I expect to happen, that the requests be
24 tailored to the relevant issues in this case.  Otherwise, I
25 see that as overburdensome and maybe even bordering on

13

1  harassing.
2          MR. HEDRICK:  Understood, your Honor.  I have no
3  further concerns on that issue.
4          THE COURT:  Okay.  I think counsel is going to work
5  together.  You're all professional.  And the way you've dealt
6  with it in the joint discovery plan tells me that everything
7  is going to work out fine.
8          Anything else, Counsel?
9          MR. FUNG:  I have nothing to add, sir.
10         THE COURT:  Anybody travel from out of San Diego?
11         Let's start with you, Mr. Hoffman.  Where did you
12 come down from?
13         MR. HOFFMAN:  I traveled from Austin, Texas, sir.
14         THE COURT:  Oh, well, my neighbor is going to
15 University of Texas Law School, and he's there right now
16 finding a place to rent.
17         MR. HOFFMAN:  There is absolutely no finer law
18 school than the University of Texas Law School.
19         THE COURT:  That's what he tells me.  That's what
20 he tells me.  But let's not get into that.  But thank you.
21 And I'm taking care of his dog for the next two weeks.
22         Mr. Fung, where are you from?
23         MR. FUNG:  From the Bay area.
24         THE COURT:  Oh, lovely.  Whereabouts?
25         MR. FUNG:  The office is in Redwood City.

```
                                                              14
 1          THE COURT:  I love the Bay area.  It's probably my
 2 favorite part of California.
 3          And Mr. Aly?
 4          MR. ALY:  New York City, your Honor.
 5          THE COURT:  New York City?  My Lord.
 6          MR. ALY:  I'm always up for an excuse to come to
 7 San Diego.  Where I was born.
 8          THE COURT:  We got humidity here unfortunately this
 9 week, but hey, that's great.
10          And Mr. Heafey:
11          MR. HEAFEY:  Heafey.
12          THE COURT:  Heafey.  I'm sorry.
13          MR. HEAFEY:  Heafey.
14          THE COURT:  Heafey.
15          MR. HEAFEY:  My office is in Palo Alto.
16          THE COURT:  Oh, lovely.
17          All right, folks.  Well, thanks for coming in.
18 Thanks for traveling.  I hope I didn't -- hey, we really
19 should get together and make sure everybody is on the same
20 page so we can avoid, you know, wasted time.  And when we're
21 on the phone -- hope you can enjoy a little bit of the food,
22 sunshine, and maybe you can get a dip in the ocean.  Probably
23 not, but -- all right, folks.  We're off the record.  Thank
24 you.
25          ALL:  Thank you, your Honor.
```

```
                                                          15
1      (Proceedings concluded.)
2
3
4
5
6
7
8         I certify that the foregoing is a correct
9  transcript from the electronic sound recording of the
10 proceedings in the above-entitled matter.
11
12 /s/Shonna Mowrer                        7/1/15
   Transcriber                             Date
13
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
14
15
   /s/L.L. Francisco
16 L.L. Francisco, President
   Echo Reporting, Inc.
17
18
19
20
21
22
23
24
25
```